**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Cook, et ux., ) | |
| ) | |
| Plaintiffs, ) | No. 04-1079-PCT-PGR |
| ) | |
| vs. ) | |
| ) | <u>ORDER and OPINION</u> |
| Avi Casino Enterprise, Inc., et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss of Defendants Dodd and Purbaugh (doc. #47). Having considered the parties' memoranda in light of the record, the Court finds that defendants Dodd and Purbaugh should be dismissed from this action pursuant to Fed.R.Civ.P. 12(b)(1) because they are covered by the sovereign immunity of the Fort Mojave Indian Tribe.[1]

---

[1] While the plaintiffs have noticed their desire for oral argument in conformance with LRCiv 7.2(f), the Court, in the exercise of its wide discretion on the issue of oral argument, has dispensed with oral argument because it does not believe that any further argument from counsel would aid the decisional process since sovereign immunity, the dispositive issue before the Court, is a legal issue which the parties have had an adequate opportunity to brief.

- 1 -

Background

The complaint in this action seeks to hold named defendants Avi Casino Enterprise, Inc. ("ACE"), the operator of the Avi Resort and Casino, and ACE employees Ian Dodd, Juan Mejia, Stephanie Shaik, Debra Purbaugh, and Andrea Christensen liable based upon claims for statutory and/or common law dram shop liability under the laws of Arizona and the Fort Mojave Indian Tribe, and claims for negligence and for punitive and exemplary damages under Arizona law.

The complaint alleges in pertinent part that on the night and/or early morning of May 24-May 25, 2003, the individual defendants were celebrating the birthday of a fellow employee at a bar in the Avi Resort and Casino, that during part of the party, Dodd, as the on-duty manager, permitted drinks to be on the house, that Purbaugh, a cocktail waitress, served drinks to Christensen, a fellow employee who was then off-duty, that when an obviously intoxicated Christensen left the party shortly before 5:00 a.m. on May 25th she was taken to her car by an Avi Resort and Casino shuttle bus, and that minutes after leaving the casino Christensen drove her vehicle across the center line of the road and collided with plaintiff Christopher Cook who was riding his motorcycle, causing grievous and permanent injuries to him. The accident took place within the exterior boundaries of the Fort Mojave Indian Reservation on the Arizona side of the Colorado River.

In a previous order and opinion (doc. #38), the Court dismissed ACE, Mejia, and Shaik from this action for lack of diversity jurisdiction on the ground that they, like the plaintiffs, were all citizens of California.

Discussion

Dodd and Purbaugh raise three arguments as to why they should be dismissed from this action: that they are protected by tribal sovereign immunity,

- 2 -

that the Fort Mojave Indian Tribe and ACE are indispensable parties to this action pursuant to Fed.R.Civ.P. 19, and that Nevada law applies to this action and bars the dram shop and negligence claims. The Court concludes that the immunity issue, which the Court must resolve first since it is jurisdictional in nature, Wilbur v. Locke, 423 F.3d 1101, 1106 (9th Cir. 2005), is dispositive and therefore the Court does not reach the other two issues.[2]

Dodd and Purbaugh argue that they are protected from this suit by the sovereign immunity of the Fort Mojave Indian Tribe because the claims against them stem from their actions as employees of ACE, a tribal corporation. The gist of the plaintiffs' response is that Dodd and Purbaugh are not protected by tribal immunity because their employer, ACE, has no such immunity.

In order to resolve the sovereign immunity issue, the Court must first determine if ACE is covered by tribal immunity. The plaintiffs do not dispute that the Tribe is immune from suit. *See* Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751, 754, 118 S.Ct. 1700, 1702 (1998) ("As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity.") The plaintiffs also do not dispute that ACE is a corporation chartered by, and wholly owned and controlled by, the Tribe.[3] The plaintiffs' main contention is instead that "[i]t is well-settled

---

[2] Because this part of Dodd and Purbaugh's motion to dismiss is directed at tribal sovereign immunity, which is an issue of subject matter jurisdiction, the Court deems this portion of the motion to be brought pursuant to Fed.R.Civ.P. 12(b)(1). For that reason, matters outside of the pleadings submitted by the parties which relate to jurisdiction can be considered by the Court without turning the motion into a summary judgment motion. Pan American Co. v. Sycuan Band of Mission Indians, 884 F.3d 416, 420 n.2 (9th Cir. 1989).

[3] ACE's Restated Articles of Incorporation, dated October 24, 1996, which are part of

- 3 -

law, at the Arizona Supreme Court and in all other jurisdictions that have considered the issue, that tribal corporations - as distinguished from Indian tribes - do not possess tribal sovereign immunity." (Emphasis in original) (Plaintiffs' Opposition to Defendant Dodd and Purbaugh's Motion to Dismiss, at 12).

The Court concludes that the plaintiffs' position is incorrect as a matter of law inasmuch as the federal law controlling this action extends tribal immunity to business entities that function as an arm of the tribe. *See e.g.*, Allen v. Gold Country Casino, __ F.3d __, 2006 WL 2788494, *2 (9th Cir. Sept. 29, 2006).[4] In the Allen case, in which a former employee brought various employment, civil rights, and conspiracy claims against an Indian tribe and a casino which was owned and operated by the tribe, the Ninth Circuit affirmed the dismissal of the case on sovereign immunity grounds. In rejecting the plaintiff's argument that the casino was not protected by tribal immunity, the Ninth Circuit noted that tribal immunity

> extends to business activities of the tribe, not merely to governmental activities. When a tribe establishes an entity to conduct certain activities, the entity is immune if it functions as an arm of the tribe. The question is not whether the activity may be characterized as a business, which is irrelevant under Kiowa [Tribe of Oklahoma v. Manufacturing Technologies, 523 U.S. 751, 118 S.Ct. 1700 (1988)], but whether the entity acts as an arm of the tribe

---

the record, *see e.g.*, Exhibit A to the Reply in Support of Motion to Dismiss of Defendants Dodd and Purbaugh, state in part that ACE was incorporated pursuant to the Fort Mojave Business Corporation Ordinance, that one of ACE's purposes was to own and operate a tribal casino on trust lands within the Fort Mojave Indian Tribe's jurisdiction, that the Fort Mojave Indian Tribe owns ACE, that the customary functions of shareholders is to be performed by the Fort Mojave Tribal Council, that ACE's directors are to be elected by the Tribal Council, that the Tribal Council can remove directors for cause, and that ACE's capital surplus is to be deposited in the Tribe's general fund.

4

The defendants cited to the Allen decision in a notice of supplemental authority filed on October 4, 2006. The plaintiffs did not file any response to that notice.

- 4 -

1       so that its activities are properly deemed to be those of the tribe.
       * * *
2              [The plaintiff's] contention that the district court erred in failing
       to scrutinize the nature of the relationship between the Tribe and the
3      Casino fails to accord sufficient weight to the undisputed fact that the
       Casino is owned and operated by the Tribe. ...
4              ... [T]he Casino is not a mere revenue-producing tribal
       business (although it is certainly that). The [Indian Gaming
5      Regulatory Act] provides for the creation and operation of Indian
       casinos to promote "tribal economic development, self-sufficiency,
6      and strong tribal governments."  One of the principal purposes of the
       IGRA is "to insure that the Indian tribe is the primary beneficiary of
7      the gaming operation." ...
              With the Tribe owning and operating the Casino, there is no question
8      that these economic and other advantages inure to the benefit of the
       Tribe.  Immunity of the Casino directly protects the sovereign Tribe's
9      treasury, which is one of the historic purposes of sovereign immunity
       in general.  In light of the purposes for which the Tribe founded this
10     casino and the Tribe's ownership and control of its operations, there
       can be little doubt that the Casino functions as an arm of the Tribe.
11     It accordingly enjoys the Tribe's immunity from suit.

12  2006 WL 278894, *2-3 (Internal citations omitted).  The Court concludes that the

13  record and federal law establish that ACE clearly functions as an arm of the Fort

14  Mojave Indian Tribe and thus shares its sovereign immunity.

15        The second immunity-related issue that the Court must resolve is whether

16  Dodd and Purbaugh, as ACE employees, are also covered by the Tribe's

17  sovereign immunity.  While the plaintiffs do not dispute that tribal immunity covers

18  tribal officials when acting in their official capacity and within the scope of their

19  authority, *see* Marceau v. Blackfeet Housing Authority, 455 F.3d at 978, they

20  secondarily argue that

21       [b]ecause discovery is still ongoing - leaving the present record very
         thin on facts - it is unknown whether serving free alcohol to an
22       intoxicated, uniformed, off-duty employee at a casino bar during a
         company birthday party is an action taken 'within the scope [of the
23       individual defendants'] authority', although Plaintiffs strongly suspect
         Avi Casino Enterprise, Inc. will vehemently deny that fact - at the risk
24       of losing its liquor and gaming licenses. (Brackets in the original).

25  (Plaintiffs' Opposition to Defendant Dodd and Purbaugh's Motion to Dismiss, at

26                                          - 5 -

15).[5]

The Court is unpersuaded by this argument because the plaintiffs have only sued Dodd and Purbaugh in their capacities as on-duty ACE employees, *i.e.*, the plaintiffs expressly allege in each substantive count in their complaint that Dodd and Purbaugh were acting within the course and scope of their employment when they allegedly continued to serve alcohol to an already intoxicated Christensen.  For example, the dram shop liability claims (the first and second claims) both allege that "Defendants Dodd, Majia [sic], Schak [sic] and Purbaugh were acting within the course and scope of their employment by [ACE] at the time they served alcohol to Defendant Christensen, therefore, [ACE] is both directly and vicariously liable for the acts and omissions of those defendants." (Paragraphs 26 and 36 of complaint).  The negligence claim (the third claim)

---

[5] To the extent that the plaintiffs may be arguing that there is a distinction between an employee of a tribal corporation and an employee of an Indian tribe for tribal immunity purposes, the Court concludes as a matter of law from the undisputed record before it that Dodd and Purbaugh, as ACE employees, are deemed to be employees of the Fort Mojave Indian Tribe for tribal immunity purposes.  Although the plaintiffs do not raise the issue, the Court further concludes that Dodd and Purbaugh are covered by tribal immunity notwithstanding that they were not high-level tribal officers or officials performing discretionary governmental functions at the relevant time. *See e.g.*, Bassett v. Massachusetts Pequot Museum & Research Center, Inc., 221 F.Supp.2d 271, 277-78 D.Conn. 2002) (Court rejected plaintiff's argument that tribal immunity for tribal officials extends only to high-level officers or officials who are performing governmental functions and exercising discretion, noting that tribal immunity extends to all tribal employees acting within their representative capacity and within the scope of their official authority.); *see also,* Filer v. Tohono O'Odham Nation Gaming Enterprise, 212 Ariz. 167, 129 P.3d 78, 85-86 (App. 2006) (Court found that employees of tribal casino who allegedly served alcohol to an intoxicated patron who subsequently caused a fatal automobile accident were protected by tribal sovereign immunity).  *But cf.*, Baugus v. Brunson, 890 F.Supp. 908, 911 (E.D.Calif. 1995) (Court, in denying summary judgment on tribal immunity grounds to a tribal casino security guard who was being sued for false arrest pursuant to § 1983, noted that although the guard was acting within the course and scope of his tribal authority at the time he arrested the plaintiff for DUI, "[a] survey of federal decisions employing the term 'tribal officials' indicates that it is virtually always used to denote those who perform some type of high-level or governing role within the tribe.")

alleges that "[i]n the acts and omissions described above, Defendants were acting, at all times, within the course and scope of their employment by [ACE], therefore Defendant [ACE] is variously liable for the acts and omissions of the defendants." (Paragraph 45 of complaint).[6]  Nowhere in the complaint do the plaintiffs allege that Dodd and Purbaugh were at anytime relevant to this action acting outside the scope of their authority as casino employees. *See* Chayoon v. Chao, 355 F.3d 141, 143 (2d Cir.), *cert. denied*, 543 U.S. 966 (2004) (Court, in an action by a tribal casino employee who sued tribal officials for violations of FMLA, affirmed the dismissal of the action on the basis of sovereign immunity, noting that the plaintiff could not "circumvent tribal immunity by merely naming officers or employees of the tribe when the complaint concerns actions taken in defendants' official or representative capacities and the complaint does not allege they acted outside the scope of their authority.")   The Court thus concludes that Dodd and Purbaugh are protected by the Fort Mojave Indian Tribe's sovereign immunity.[7]

---

[6] The complaint also alleges in paragraph 14, one of the paragraphs setting forth factual allegations common to all of the claims, that "Defendants Dodd, Majia [sic], Schak [sic], Purbaugh and Christensen were employees of [ACE] and were working at the Avi Casino & Resort on the night of May 24, 2003 and in early morning hours of May 25, 2003. Defendant Dodd was working as the Manager on Duty, Defendant Majia [sic] was working as a bartender, and Defendants Schak [sic], Purbaugh and Christensen were working as cocktail waitresses."

[7] Because an Indian tribe may waive its sovereign immunity and voluntarily subject itself to suit by issuing a "clear" waiver, C&L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411, 418, 121 S.Ct. 1589, 1594 (2001), the Ninth Circuit has concluded that an appropriate "sue and be sued" clause in a tribal enabling ordinance may constitute a waiver of immunity for a tribal entity. *See* Marceau v. Blackfeet Housing Authority, 455 F.3d 974, 978-983 (9th Cir. 2006).   While the Fort Mojave Business Corporation Act (Ordinance No. 21), the enabling ordinance under which ACE was incorporated, contains a "sue and be sued" clause, the plaintiffs have made no attempt in their response to raise the issue of waiver. Given this failure, and the fact that there is a "strong presumption" against finding a waiver of tribal sovereign immunity, Demontiney v. United States ex rel. Dept. of Interior, 255 F.3d 810, 811 (9th Cir. 2001), the Court will not consider any issue of waiver of

While the Court certainly understands, and is not unsympathetic to, the plaintiffs' perception that this result is fundamentally unfair to them given the facts of this case, the equities of tribal sovereign immunity is an issue for Congress, not the federal courts. Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. at 758, 118 S.Ct. at 1704-05; *see also,* Pan American Co. v. Sycuan Band of Mission Indians, 884 F.2d at 419 ("Indian sovereignty, like that of other sovereigns, is not a discretionary principle subject to ... the equities of a given situation.")  Therefore,

IT IS ORDERED that the Motion to Dismiss of Defendants Dodd and Purbaugh (doc. #47) is granted to the extent that defendants Ian Dodd and Debra Purbaugh are dismissed from this action pursuant to Fed.R.Civ.P. 12(b)(1) on the ground that they are protected from suit by the sovereign immunity of the Fort Mojave Indian Tribe.

IT IS FURTHER ORDERED that the plaintiffs and defendant Andrea Christensen shall file a joint report concerning the status of the prosecution of this action against defendant Christensen no later than **November 17, 2006**.

DATED this 25th day of October, 2006.

Paul G. Rosenblatt
United States District Judge

---

tribal immunity as it relates to the claims against Dodd and Purbaugh.  *Cf.* Keeling v. Schaefer, 181 F.Supp.2d 1206, 1222 n.17 (D.Kansas 2001) ("It appears to the court Sawyer might have been able to take advantage of the absolute immunity usually afforded quasi-judicial officers. Because Sawyer did not raise this argument, this court will not address it. *See, e.g.,* Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir. 1990) ('A litigant who fails to press a point by supporting it with pertinent authority ... forfeits the point. [The court] will not do his research for him.')") (Internal citations omitted.)