1   **WO**

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9

10   Christopher Cook, et ux.,                )

11                        Plaintiffs,          )    No. CV-04-1079-PCT-PGR
                                              )
12            vs.                              )
                                              )          ORDER
13   Avi Casino Enterprise, Inc., et al.,      )
                                              )
14                        Defendants.          )
                                              )
15   ─────────────────────────────────────────

16          On November 7, 2006, defendants Avi Casino Enterprise, Inc., Mejia,

17   Shaik, Dodd, and Purbaugh ("the tribal defendants") filed a one-sentence Notice

18   of Lodging of Proposed Form of Judgment (doc. #61), together with a proposed

19   form of final judgment as to them that contains language invoking Fed.R.Civ.P.

20   54(b).  The underlying basis for the proposed Rule 54(b) judgment is the Court's

21   orders that dismissed the tribal defendants from this action pursuant to

22   Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

23          The Court initially notes that the manner in which the tribal defendants are

24   seeking a Rule 54(b) judgment is improper.  While parties may "request" that a

25   separate judgment be entered, Fed.R.Civ.P. 58(d), such a request involves the

26                                      - 1 -

1 filing of an appropriate motion that is accompanied by a memorandum of points

2 and authorities that explains why the request is factually and legally appropriate.

3 *See* Fed.R.Civ.P. 7(b)(1) and LRCiv 7.2(b).  The requirement for such a motion in

4 the context of seeking a Rule 54(b) judgment is particularly appropriate because

5 certification under Rule 54(b) is an extraordinary measure that is not to be

6 granted as a matter of course, <u>Curtiss-Wright Corp. v. General Electric Co.</u>, 446

7 U.S. 1, 5, 100 S.Ct. 1460, 1466 (1980), and the Ninth Circuit has mandated that

8 the district courts should not direct entry of a Rule 54(b) judgment unless they

9 first make specific findings setting forth the reasons for their order.  <u>Morrison-</u>

10 <u>Knudsen Co., Inc. v. Archer</u>, 655 F.2d 962, 965  (9th Cir. 1981).  The effect of the

11 tribal defendants' failure to properly submit their Rule 54(b) request is that the

12 Court must expend scarce judicial resources doing their counsels' work for them.[1]

13 Notwithstanding the lack of a proper request for a Rule 54(b) judgment, the

14 Court finds that there is no just reason for delaying the entry of a separate

15 judgment of dismissal in favor of the tribal defendants.  First, a Rule 54(b)

16 judgment is necessary in order to finally dispose of the claims against the tribal

17 defendants at this time inasmuch as this case is still ongoing as to defendant

18 Christensen.  Second, the Court has entered a final order (doc. #38) dismissing

19 all of the claims against defendants Avi Casino Enterprise, Inc., Mejia, and Shaik

20 for lack of diversity of citizenship jurisdiction, and has entered a final order (doc.

21

[1]

22     To the extent that the wording of the proposed form of judgment submitted

23 by the tribal defendants is their attempt to comply with the <u>Morrison-Knudsen</u>
requirements, it is unavailing because the inclusion in the form of judgment of the

24 Court's prior findings regarding the lack of subject matter jurisdiction violates
Fed.R.Civ.P. 54(a) ("A judgment shall not contain a recital of pleadings, ... or the record

25 of prior proceedings.")

26

#60) dismissing all of the claims against defendants Dodd and Purbaugh

pursuant to the doctrine of tribal sovereign immunity.  Third, since the discrete

subject matter jurisdiction issues underlying the dismissal of the tribal defendants

are not applicable to defendant Christensen, the early entry of a separate

judgment as to the tribal defendants will not require the Ninth Circuit to address

those legal issues again if Christensen subsequently appeals.[2] Therefore,

IT IS ORDERED that the Clerk of the Court shall enter a judgment of

dismissal in favor of defendants Avi Casino Enterprise, Inc., Ian Dodd, Juan

Mejias, Stephanie Shaik, and Debra Purbaugh pursuant to Fed.R.Civ.P. 54(b)

inasmuch as all claims against these defendants have been dismissed for lack of

subject matter jurisdiction and there is no just reason for delay.

DATED this 12th day of December, 2006.


Paul G. Rosenblatt
United States District Judge

_____

[2]

The Court notes that it interprets the plaintiffs' comments in the Joint Status
Report (doc. #63) to mean that the plaintiffs do not object to the entry of a Rule 54(b)
judgment.